IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MOHAMED ABDULKADIR, | |
| Plaintiff, | **8:19CV131** |
| vs. | |
| DOUG PETERSON, and PETE RICKETTS, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Mohamed Abdulkadir ("Abdulkadir") has been granted leave to proceed in forma pauperis. (Filing 7.) The court now conducts an initial review of Abdulkadir's Petition Pursuant to the Declaratory Judgment Act (filing 1) and Supplemental Petition (filing 8) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF PETITION

Abdulkadir is currently confined at the Tecumseh State Correctional Institution. The court's records reflect that Abdulkadir is presently serving a sentence of life to life for second degree murder and a consecutive term of 15 to 25 years for use of a deadly weapon to commit a felony in connection with the death of a fellow inmate. (Filing 12-2 at CM/ECF p.4, Case No. 8:17CV142.)[1]

---

[1] The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id*. The court takes judicial notice of the records in Abdulkadir's habeas case filed in this court at Case No. 8:17CV142. *See Abdulkadir v. Frakes, et al.*, No. 8:17CV142 (D.Neb) (dismissing habeas petition with prejudice as barred by the one-year statute of limitations).

On March 27, 2019, Abdulkadir filed a Petition Pursuant to the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, and named Nebraska Attorney General Doug Peterson and Nebraska Governor Pete Ricketts as Respondents. Abdulkadir seeks a declaration that the Nebraska Legislature's 2011 amendment of Neb. Rev. Stat. § 29-3001, which imposed a one-year statute of limitations on state postconviction actions, is an unconstitutional violation of the Separation of Powers Doctrine of the U.S. Constitution because

> [t]he State of Nebraska has created an impediment by enacting such law in violation of the Nebraska and United States Constitutions, because the State failed to follow the proper protocol, by presenting a Legislative Resolution to the full body of the Legislature, having that body vote on it, placing it on the ballot, and allowing the voters to approve it.

(Filing 1 at CM/ECF pp. 3–4.) Abdulkadir claims that the Legislature constructively amended the Nebraska and United States Constitutions' "mandate that the courts shall remain open for those who are injured . . . . by enacting a bill." (*Id.* at CM/ECF p. 4.) Abdulkadir further asserts that the 2011 amendment to Neb. Rev. Stat. § 29-3001 "is currently being enforced by respondents to prevent Petitioner from adjudicating . . . an injury to his rights under the U.S. and Nebraska Constitutions, as those rights pertain to his liberty and property" and asks the court to "enjoin upon the respondents to cease and desist from their practice of enforcing the law." (*Id.* at CM/ECF pp. 3–4.)

On May 6, 2019, Abdulkadir filed a Supplemental Petition alleging that "Neb. Rev. Stat. 29-3001[,] as amended in 2011, is unconstitutional because it fails to give adequate notice that a law is being enacted that will affect the rights of interested parties, pursuant to the Due Process Clause of the U.S. Constitution." (Filing 8 at CM/ECF p. 4.) Abdulkadir alleges that the 2011 amendment "failed to give notice, reasonably calculated to apprise interested parties, such as Petitioner, that a new law was being enacted which affected his very important constitutional

2

rights to adjudicate his claims in the courts" and, if the Legislature had "provided adequate notice that the law was going to change, Petitioner would have had an opportunity to be heard, and would have objected to the manner in which the new law was being enacted." (*Id*. at CM/ECF pp. 2–3.) Abdulkadir alleges he could not have been expected to know of the law's change given that his postconviction attorney was unaware of the change in 2014 until Abdulkadir learned of the one-year limitations period and informed the attorney. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a

lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construing Abdulkadir's Petition, he asserts both federal constitutional claims under authority of 42 U.S.C. § 1983 and state constitutional claims against Respondents in their official capacities only.[1] Because a plaintiff may not bring a state claim under the aegis of § 1983, this court's ability to entertain Abdulkadir's due process and separation of powers challenges to the Nebraska statute based on provisions of the Nebraska Constitution cannot be predicated on 28 U.S.C. § 1331 (original jurisdiction),[2] but instead must depend on 28 U.S.C. § 1367(a) (supplemental jurisdiction).[3] *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 650 (8th Cir. 2011); *Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832, 843 (D. Neb. 2018). Unless this court has original jurisdiction over the

---

[1] To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.1997); *Ramos v. Nebraska*, 396 F. Supp. 2d 1053, 1058 (D. Neb. 2005) (holding that § 1983 claim could proceed against Nebraska Attorney General to the extent plaintiff sought prospective declaratory or injunctive relief, but not otherwise).

[2] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

§ 1983 claims, it cannot exercise supplemental jurisdiction over the state claims. *See City of Kansas City v. Yarco Co.*, 625 F.3d 1038, 1041 (8th Cir. 2010) ("Supplemental jurisdiction requires at least one claim within the district court's original jurisdiction.").

"Federal courts have authority under the Constitution to decide legal questions only in the course of resolving 'Cases' or 'Controversies.'" *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018); U. S. Const. Art. III, § 2. The "irreducible constitutional minimum" of standing consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotation marks omitted)). The plaintiff must "'clearly . . . allege facts demonstrating'" each element at the pleading stage. *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

To establish an injury in fact, a plaintiff must show an injury that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560, n. 1). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.*

Liberally construed, Abdulkadir claims he is being prevented from presenting postconviction claims challenging the constitutional validity of his conviction and sentence for second degree murder and use of a deadly weapon by the one-year statute of limitations in Neb. Rev. Stat. § 29-3001. Abdulkadir, however, does not specify what rights he is seeking to vindicate or whether he is even actively pursuing vindication of rights that the statute will impede. Abdulkadir's vague, conclusory allegations of being prevented from pursuing unspecified constitutional claims of unknown merit by the one-year statute of limitations fail to establish a concrete injury and, instead, indicate merely

5

speculative harm. Moreover, as hinted at in his Petition and as this court's records show, Abdulkadir previously filed a motion for postconviction relief in the Nebraska state courts in 2014 and had his postconviction claims considered. (Filing 8 at CM/ECF p. 3; Filings 12-3 & 12-5, Case No. 8:17CV142.); *see also State v. Abdulkadir*, 878 N.W.2d 390 (Neb. 2016) (affirming denial of Abdulkadir's motion for postconviction relief without an evidentiary hearing). Thus, the court fails to see how Abdulkadir has suffered an injury in fact when he has been afforded a full opportunity to present his claims for postconviction relief in the Nebraska courts. *See Spokeo, Inc.*, 136 S. Ct. at 1549 (alleging a bare procedural violation, divorced from any concrete harm, does not satisfy the injury-in-fact requirement of Article III).

Clearly, the real injury for which Abdulkadir seeks redress is his inability to bring a second postconviction motion in Nebraska state courts because of the one-year statute of limitations bar. Under Nebraska law, though, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."). Abdulkadir has not alleged that the postconviction claims he wishes to pursue would survive the foregoing procedural hurdles faced by successive postconviction motions. Thus, his allegations fail to suggest that his injury is fairly traceable to Respondents' enforcement of the one-year statute of limitations in § 29-3001.

Lastly, the court notes that claims like Abdulkadir's attacking the facial constitutionality of statutory limitations periods on postconviction proceedings

6

have been widely rejected by the courts. *See State v. Goynes*, 876 N.W.2d 912, 920–21 (Neb. 2016) (recognizing that states are not obligated to provide postconviction relief procedure, agreeing that reasonable procedural requirements are permissible, and noting that limitations periods in postconviction context have withstood constitutional challenges); *State v. Amaya*, 902 N.W.2d 675, 681 (Neb. 2017) (holding that the statutory time limits in § 29-3001(4) do not result in ex post facto punishment). *See also Williams v. State of Mo.*, 640 F.2d 140, 143 (8th Cir. 1981) ("[T]here is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions."); *Lankford v. Novac*, 7 F. App'x 867, 868 (10th Cir. 2001) ("It is well established that states may place reasonable time limitations on the assertion of federal rights."); *United States ex rel. Barksdale v. Lane,* No. 89 CV 4068, 1989 WL 135199, at *2 (N.D.Ill. Nov. 1, 1989) ("Since states have no obligation to provide for post-conviction relief of any form, there is no inherent right to a certain time period for seeking such relief.") (citations omitted), *aff'd,* 957 F.2d 379 (7th Cir.1992).

## IV. CONCLUSION

The court concludes that Abdulkadir does not have standing to challenge the constitutionality of the one-year statute of limitations in Neb. Rev. Stat. § 29-3001 because his allegations fail to establish that he has suffered an injury in fact or that his injury is fairly traceable to the Respondents' challenged conduct. The court also finds that further amendment of the pleadings would be futile and will, therefore, dismiss this action without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED that:

1.    This action is dismissed without prejudice for lack of jurisdiction.

2.    Judgment will be entered by separate document.

Dated this 16th day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge